IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| PALM FINANCE LLC, a Delaware limited liability company, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES D. GRIFFIN, an individual, )<br>)<br>Defendant. ) | Case No. 3:17-cv-26-CDL |

## PROTECTIVE ORDER

IT IS HEREBY ORDERED, as follows:

1. For good cause shown, Plaintiff Palm Finance LLC, and Defendant James D. Griffin, (collectively, the "Parties") may designate certain documents, information, or specific testimony (including but not limited to interrogatory responses and electronically stored information, and specifically identified deposition testimony), as "confidential" or as "highly confidential." Such designation shall make such documents, information, or testimony (and all copies, prints, summaries, or other reproductions of information contained in such documents) subject to this Order. The Parties shall not be considered to have agreed by assenting to this Order that any of the information asserted to be confidential information or highly confidential information by the other party is in fact confidential information or highly confidential information.

2. Documents produced by a party may be designated confidential or highly confidential by stamping them or otherwise affixing on them the phrase "Confidential" or "Highly Confidential," respectively. However, electronically stored information produced in native format can be designated confidential or highly confidential by stating which such

1

documents are confidential or highly confidential in a cover letter or similar communication to the receiving party.

3. Any party may designate specific portions of deposition testimony as confidential or highly confidential within 5 business days of that party's attorney's receipt of the transcript of the deposition and only for good cause.

4. All materials identified as "confidential" or "highly confidential" may be used only for the purposes of this action, including, without limitation, in and for settlement negotiations, discovery and general motion practice, preparation for trial of this action, the trial of this action, or any appeal in this action, subject to the limitations set forth in this Order, and not for any other purpose whatsoever.

5. Except with the written prior consent of counsel for the designating party or an order by this Court, documents, information or testimony designated as "confidential" may be disclosed only to (a) employees of the receiving party whose duties include responsibility for, or whose assistance is needed in connection with, settlement, prosecution or defense of this action and who are instructed in the restrictions imposed by this Order; (b) outside counsel (including employees thereof) for a party; (c) experts retained by a party for assistance in trial preparation or for testimony provided that such expert is not a shareholder, member, director, officer, or employee of any party or any company affiliated with any party and such expert has agreed to comply with this Order; (d) deposition or trial witnesses; and (e) this Court, court reporters and videographers engaged for trial or deposition testimony, and those persons (not employees or affiliates of any party) who are specifically engaged for the limited purpose of providing litigation or trial support services, including photocopying, electronic discovery services, and

creating trial graphics. Disclosure shall be made to such persons only as necessary for the prosecution and defense of claims in this action.

6. Except with the written prior consent of counsel for the designating party or an order by this Court, documents, information or testimony designated as "highly confidential" may be disclosed only to: (a) outside counsel (including an employee thereof) for a party; (b) experts retained by a party hereto for assistance in trial preparation or for testimony provided that such expert is not a shareholder, member, director, officer, or employee of any party or any company affiliated with any party and such expert has agreed to comply with this Order; and (c) this Court, court reporters and videographers engaged for trial or deposition testimony, and those persons (not employees or affiliates of any party) who are specifically engaged for the limited purpose of providing litigation or trial support services, including photocopying, electronic discovery services, and creating trial graphics. Notwithstanding the foregoing, documents, testimony, and information disclosed by the designating party in connection with the pre-trial order in this matter, including all documents listed on the designating party's exhibit list, any testimony in the designating party's deposition designations, and any expert report (and exhibits to that report) of any expert on the designating party's witness list, may be disclosed to employees of the receiving party whose duties include responsibility for, or whose assistance is needed in connection with, settlement, prosecution or defense of this action and who are instructed in the restrictions imposed by this Order.

7. Counsel for the designating party shall have the right to exclude from depositions any person who is not authorized under this Order to receive "highly confidential" information, unless that person agrees, in writing and/or on the record, to be bound by the terms of this Order. Absent such agreement, such exclusion shall be applicable only during periods of examination or

testimony directed to or comprising information, which has been designated as "highly confidential." Nothing in this Order shall prevent or otherwise restrict counsel for the non-designating party from rendering advice to such party and, in the course thereof, relying generally on his or her examination of documents or testimony designated as "highly confidential."

8. With respect to any document or portion thereof or testimony, including specific deposition testimony, which has been designated as "confidential" or "highly confidential," any party may, at any time prior to the final disposition of this action, including any appeals, serve a written notice of objection to such designation, specifying such document or portion thereof or testimony and the basis for such objection. Within seven days of receipt of such objection, counsel shall attempt to resolve the objection informally. In the absence of a subsequent agreement on the propriety of the designation, a party may move for Court adjudication of the propriety of the designation. Any such designated documents or testimony shall continue to be treated as confidential and/or as highly confidential and subject to this Order until such time as the moving party's motion has been ruled upon.

9. This Order shall not preclude any party hereto from exercising any right or raising any objection otherwise available to it.

10. Nothing in this Order shall prohibit the use of, or reference to, any confidential documents or information in motions, briefs, court, at trial or in any deposition.

11. Upon the conclusion of this action, including any appeals, the Parties shall either (a) return to each other all documents subject to this Order produced by the other party, including all copies, prints, summaries, and other reproductions of such information, in the possession of a

party, counsel for that party, and any expert retained by a party, or (b) destroy all such documents.

12. This Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action and the presentation of documents and evidence to the Court without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (a) an admission or waiver, including waiver under the rules of evidence, by any party; (b) altering the confidentiality or non-confidentiality of any such information; or (c) altering any existing obligation of any party or the absence of such obligation. Confidential or highly confidential information inadvertently produced without designation as such may thereafter be so designated and should be treated from that time forward in accordance with such designation to the extent possible. Further, nothing contained herein shall limit or conflict in any way with a party's obligation to respond to third-party subpoenas, court orders, governmental inquiries and other matters which may be compelled by civil process, including to give testimony and to produce confidential documents thereunder. In this event, the party subject to such obligation or process shall immediately notify the party whose confidential testimony or documents may be subject to disclosure in order to afford that party the opportunity to object or to move for a protective order, if appropriate.

13. Pursuant to Fed. R. Evid. 502(d), the inadvertent production by a party during discovery of any document, material, or other information protected by the attorney-client privilege or work product doctrine shall not be held to waive any rights of the producing party to assert the privileged status of such document, material or information in this or any other action.

This Order does not preclude the receiving party from challenging the existence of the claimed privilege.

14.     Nothing contained herein shall be deemed to apply to information which at or prior to disclosure thereof is, or was, in the public domain; or which, after disclosure thereof to the persons or parties bound by this Order, becomes public without action on their part.

15.     This Order is subject to further modification by order of this Court, on the Court's own initiative or upon motion by any person having an interest affected by the Order, for good cause shown. This Order shall survive and remain in full force and effect after termination of this action.

16.     In the event a party marks any documents, deposition testimony or evidence as "confidential" or "highly confidential" and, after a hearing, this Court finds that the party marked documents, deposition testimony or evidence as "confidential" or "highly confidential" without good cause for such designation, this Court shall be authorized to sanction a party and/or their counsel as justice so requires.

17.     The Court finds that good cause exists for the entry of this Order with the following condition. Notwithstanding anything to the contrary in the foregoing Order, the Court finds that it shall not apply to automatically exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant issue in any hearing or trial.  If a party seeks to rely upon any evidence covered by this Order in support of or in opposition to any motion or during any hearing or trial,  that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which

shall state a compelling reason in support of that motion.  The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

SO ORDERED, this 2nd day of November, 2017    .

s/Clay D. Land
Clay D. Land
Chief United States District Judge
Middle District of Georgia
